AVENT *versus* READ.

The general rule, that a defendant in ejectment may be permitted to set up an outstanding title in another, and that the landlord may defend the action by being made a co-defendant—does not apply in an action by a purchaser at a sheriff's sale, to recover possession.

In an action of trespass, to try title, brought by the purchaser of land at a sheriff's sale, against the defendant in execution, to recover possession, the latter can not shew title in another.

In the action of trespass to try title, damages for the detention of the premises, as well as possession, are recoverable.

Read having purchased a tract of land, at a sheriff's sale, as the property of Avent, brought his action of trespass, to try title, against the latter, in the Circuit Court of Madison, to recover possession. On the trial, in the Court below, one Gaston, who claimed the land, offered to defend the action, which the presiding Judge would not permit. Avent then offered to shew a title in Gaston to the land. The Court rejected this defence, and charged the jury that

damages for the detention of the land were recoverable, in this form of action. There was a judgment for the plaintiff below, and the defendant took his writ of error to this Court.

PARSONS, for Plaintiff in error.—The Court erred in refusing to permit the landlord to defend. The landlord was permitted to defend by the practice of the Courts in England, before the statute, confirming the practice. It was, I contend, a Common Law right, and is therefore law in this country, without a statute. The Court also erred, in not permitting the tenant to defend on the landlord's title. The application, to permit the landlord to defend, was at the trial term ; but this was in sufficient time. It may be said in this case, that the tenant's interest, whether more or less, was sold, and therefore he can not make defence. Be it so : say that he has no interest of his own ; the plaintiff ought not, for that reason, to recover. The plaintiff must recover on the strength of his own title. In this case, indeed, the tenant was tenant by will, or by sufferance, and had not, therefore, such an interest as could be sold.—See 11 *Johns.* 437.

HOPKINS, *contra*, cited in argument, the following authorities.—3 *Littell*, 16 ; 10 *Johns.* 396 ; 2 *Mur.* 367 ; 8 *Johns.* 361 ; 13 *Johns.* 97 ; 1 *Johns. Cases,* 155 ; 1 *Marsh.* 218 ; 1 *Nott & McCord*, 11 ; 3 *Caines'* 188 ; 1 *Johns. Cas.* 155 ; 10 *Johns.* R. 232 ; *Roberts on Conveyances*, 488, 489 ; *Ala. Rep.* 331.

By Mr. Justice HITCHCOCK :

This was an action of trespass to try titles, and to

61

recover damages, brought under the statute, in lieu of the action of ejectment.

There are several assignments, only two of which were argued by the counsel for the plaintiff in error. The others, though not abandoned, were not particularly noticed, and as the Court, on inspection of the record, does not discover any error in them, they will not be noticed in this opinion.

The errors that have been argued, arise upon the following state of facts.

Read purchased at sheriff's sale, a quarter section ·of land, under a judgment against Avent, and brought this action, to recover possession. One Gaston, ap-·plied to the Court, to be permitted to defend the suit, as the landlord of Avent, alleging, that he had pur-·chased the land of Avent, before the judgment was ·rendered, under which the land was sold. The ·Court refused to permit him to defend, and also re-·fused to permit Avent to set up an adverse title in Gaston. The Court also instructed the jury, that in this action, the plaintiff might recover damages for the detention·of the premises, down to the day of the trial of the cause.

1. Upon the first part of this case, it is to be remarked, that as a general rule, a defendant in ejectment may set up, against the plaintiff, an outstanding title in another; and the landlord may be permitted to defend, by being made a co-defendant. But this rule has exceptions, and this is one of them. It has been held,[a] that in ejectment, by a purchaser, under a sheriff's sale, against the debtor, who refuses to give up possession, the defendant cannot shew title in another; for the plaintiff comes into exactly such estate as the debtor had; and if it was a tenancy, the plaintiff will be tenant also, and will be estopped in a suit by the

landlord from disputing his right, in the same manner as the original tenant, who becomes *quasi* tenant at will to the purchaser. The same principle was recognised also in 1 *Johns. Cases*, 152—1 *Johns. Rep.* 44—in 12 *Johns. Rep.* 182, and in the case of *Scott* vs. *Hancock*, in this Court. There was no error therefore, in this part of the case.

As to the 2d point in relation to the damages. The act abolishing fictitious proceedings in this action, declares, that the plaintiff shall endorse on his writ that the action is brought as well to try titles, as to recover damages, and that if he recover, he shall be entitled to an execution for possession, as well as costs and damages. This act received a construction [a]Ala. R. 331. in the case of *White* vs. *St. Guirons*,[a] which sustains the decision of the Court in this case. It was there decided, that the "recovery of damages, to the extent of the mesne profits, is an appropriate object of the action of trespass." The Legislature, in giving this action, intended not only to abolish the legal fictions in the action of ejectment, but also, to enable the plaintiff in the same suit to recover full satisfaction for the detention of the premises, and thereby accomplish in one action, what before, could only be done by two; to do this, damages must be allowed from the commencement of the trespass, down to the time of trial.

The judgment must therefore be affirmed.