## LAWSON v. OREAR.

1. By a purchase of land at sheriff's sale, the purchaser is invested with the title of the defendant in execution. If, therefore, the defendant is a tenant, his land-lord cannot be permitted to become a co-defendant.

2. The original record of a suit is competent evidence, although an exemplified copy would have been sufficient.

3. Where a *fieri facias* is received by a sheriff, before his term of office expires, and without any action thereon by him, is handed over to his successor, the latter must execute the writ.

Error to the Circuit Court of Talladega.

This was an action of trespass to try title by the defendant against the plaintiff in error.

From a bill of exceptions taken at the trial, it appears that the defendant claimed to be but a tenant of one John Lawson —that John Lawson produced in Court regular title papers showing that at the time of the judgment and up to the present time, he has held the title for the premises sued for, by deed from James Lawson, the original proprietor, and that the defendant was in possession as his tenant, and on this proof moved the Court that he, as landlord of the defendant, be permitted to make himself a party and defend with the said Robert—which motion the Court overruled, and defendant excepted.

The plaintiff read in evidence a deed from the sheriff to him, for the premises in question, in virtue of a levy on an execution from the County Court of Talladega, and sale to him, and produced in Court the Record Books of the County Court, and offered to prove by the Clerk that they were the Record Books of the County Court, and to read therefrom the judgment under which the land was sold, to which the defendant objected, but the Court permitted the proof to be made, and the evidence to go to the jury.

The plaintiff then offered to read in evidence a writ of fieri facias, which issued on said judgment, on which were the following indorsements: "Rec'd in office 23d February, 1839—

William Blythe, sheriff." " Rec'd in office 6th March, 1839—D. A. Griffin, sheriff—and levied 4th April, 1839, on the following property," &c., describing the premises sued for—then follows a return of advertisement of the sale, notice to the defendant, and sale to the plaintiff.

It was proved that D. A. Griffin was sheriff of Talladega county from and after the —— day of March, 1839, at which time the term of office of William Blythe, late sheriff, expired.

The defendant objected to the reading of the execution and the indorsement of levy and sale, on the ground that the execution having been in the hands of Blythe, late sheriff, officially, should have been by him returned, and that it conferred no authority upon Griffin, his successor, but the Court overruled the objection, and permitted the evidence to go to the jury. Verdict being rendered for the plaintiff, the defendant's counsel moved in arrest of judgment, on the following grounds:

1. Because the original papers and record of the County Court were read in evidence.

2. In permitting the *fi. fa.* and levy, and sale under it, to be read to the jury—which motion the Court overruled. The defendant prosecutes this writ of error, and for cause of error assigns the matters contained in the bill of exceptions.

McClung, for plaintiff in error submitted the cause.

Chilton, for defendant in error, cited 1 Ala. Rep. 359, 540; 13 Johns. 97; 1 Philips on Ev. 383; 1 Stra. 210; 2 Gilbert's Ev. 8; 2 Porter's Rep, 480.

ORMOND, J.—As a general rule, a defendant in ejectment may set up an outstanding title in another, and the landlord may be permitted to defend as a co-defendant, but by a purchase at sheriff's sale, the purchaser acquires such title only as the defendant in execution had in the premises—if he was a tenant, the purchaser will be a tenant also; and in a suit by the landlord against him, will not be permitted to dispute his title. The reason of the rule, therefore, ceases, in such a case. [See Avent v. Read, 2 Porter, 480, where the law was thus held.]

The rule that the best evidence must be produced, has been relaxed in the case of Records, from the necessity of the case, and secondary evidence, by an exemplified copy, admitted. But it would be strange if in cases where the original can be produced, it should be rejected because the inferior evidence of the fact was not offered. It cannot admit of doubt that the evidence was properly admitted, although an exemplification of the record would also have been competent testimony.

The execution upon which the lands in this case were sold, came to the hands of the late sheriff a short time before the expiration of his term of office, and without any action thereon by him, was handed over to his successor, who proceeded to levy and sell. This proceeding was strictly correct. The old sheriff not having acted upon the writ had no power to proceed thereon after the expiration of his term of office, and the duty devolved on his successor, to whom, as the executive officer of the law, it was addressed. This precise question was determined by this Court in the case of Bondurant et als v. Buford, [1 Ala. Rep. 360.]

There is no error in the judgment of the Court, and it is therefore affirmed.