# House v. Lassiter.

*Action for Recovery of Yoke of Oxen, commenced in Justice's Court.*

1. *Jurisdiction of justice.* — On appeal from the judgment of a justice of the peace in an action for the recovery of personal property in specie, the value of the property not being alleged in the complaint, the jurisdiction of the justice is not determined by the amount of the recovery before him.

2. *Amendment of complaint.* — In such case, if the complaint in the Circuit Court alleges a value greater than the sum of which a justice has jurisdiction, it may be amended by substituting a smaller amount.

APPEAL from the Circuit Court of Conecuh.

The name of the presiding judge in this case cannot be stated, as the record has been lost.

S. J. CUMMING, for appellant.

JUDGE & BOLLING, *contra.*

B. F. SAFFOLD, J. — This case began in the Justice's Court, and was for the recovery of a yoke of oxen, in the form prescribed by the Code, not specifying the value of the property, nor the amount of damages claimed. The judgment was in favor of the plaintiff, for the property, " if to be found ; if not, plaintiff to recover from the defendant one hundred dollars." The suit was commenced and concluded in 1866, when the justice's jurisdiction was limited to fifty dollars. The defendant appealed to the Circuit Court, where the plaintiff filed a complaint, claiming $100 to be the alternate value. After several

continuances, a trial was had at the Spring Term, 1870, resulting in a judgment for the plaintiff. The defendant obtained a new trial, on the ground of newly-discovered evidence. At the Fall Term, 1870, the defendant continued the case, paying half costs as the condition. At the Spring Term, 1871, on motion of the defendant, the case was dismissed, on the ground of want of jurisdiction in the Justice's Court. Before the motion to dismiss was decided, the plaintiff asked leave to amend his complaint by reducing the alternate value to fifty dollars. This was refused.

In *Vaughan* v. *Robinson* (20 Ala. 229), it was held that when a case is removed into the Circuit Court from the Justice's Court, and is there pending, it is competent for the parties to treat it as if originating in that court; and if they do so, a judgment rendered for an amount exceeding fifty dollars would be held good, by virtue of the general jurisdiction of that court. The defendant can, however, on the appeal, avail himself of the want of jurisdiction in the justice, by plea in abatement; and if he does not do this, he waives all objection resulting from the mode in which he is brought into that court. But when this is the case, it does not seem just that the plaintiff should have judgment against the sureties of the defendant, as is allowed on appeals by section 2776 of the Revised Code.

In *Crabtree* v. *Cliatt* (22 Ala. 181), it is held that the jurisdiction of the justice is to be determined in the appellate court, not by the amount of the recovery before the justice, but by the amount legally due, or actually claimed at the time the judgment was rendered; and further, that the plaintiff may remit the excess at the time of the trial, or the rendition of the judgment. It is also stated in that case, that when the want of jurisdiction appears on the face of the proceedings, the defendant need not be put to his plea in abatement, but the court will, of its own motion, declare the proceedings void.

In this case, the complaint before the justice does not show any want of jurisdiction, and, as has been seen, the judgment alone cannot oust the jurisdicton. The complaint in the Circuit Court was subject to a plea in abatement, because it admitted the value of the property to be beyond the justice's jurisdiction. The amendment requested by the plaintiff ought to have been allowed. There is no reason why an amendment should not be allowed in the Circuit Court which might have been made in the Justice's Court, it not being the correction of the very error appealed from.

The judgment is reversed, and the cause remanded.