in the court below, be charged against appellant individually, and the other half against appellees.

## *Ex parte* Webb.

### *Petition for Mandamus.*

1. *Selma, charter of; certain provisions construed.*—The provisions of the charter of the city of Selma, declaring the person in possession of property sold for city taxes, who refuses to deliver it to the purchaser, "shall be guilty of unlawful detainer, and the purchaser may institute suit before any justice of the peace, to recover possession," if valid, about which no opinion is expressed, are not to be construed as subjecting the proceeding, thus authorized, to the rules which regulate the action of unlawful detainer, between landlord and tenant, or where only the right of possesssion is involved; the proceeding authorized by the charter, partakes more of the nature of ejectment, or the statutory real action, than of unlawful detainer, and is governed by the general rules applicable to the former class of actions; and there must of necessity be an inquiry into the merits of the title ; and where judgment is rendered in the justice's court against the tenant, the landlord may intervene and appeal.

2. *Same; what not cause for dismissing appeal.*—Where judgment is rendered against the tenant and the landlord appeals to the Circuit Court, the appeal will not be dismissed, or the cause stricken from the docket, because the tenant did not appeal; or because a bond, in compliance with the statute, was not given, if the appellant is able and willing to give a proper bond.

This was a petition by Webb for mandamus, to be directed to the Hon. GEORGE H. CRAIG, presiding over the Circuit Court of Dallas, to compel him to strike a certain cause from the docket; a motion to that effect having been made before him and overruled.

The facts shown by the petition are as follows: Webb purchased a certain lot of land in the city of Selma, at a city tax sale ; paid the amount of his bid and received a certificate of purchase, in accordance with the provisions of the charter of that city. The premises, consisting of a brick store and lot on which it was built, were then in possession and occupancy of Carlisle, Jones & Co. Webb demanded possession, and that they should pay him rent, and both of these demands having been refused, brought unlawful detainer against them, before a justice of the peace, to recover possession, and damages for the detention. The defendants not appearing, Webb offered testimony before the justice of the peace, who rendered judgment for recovery of possession, and sixty dollars damages. After this, Mary Bradfield, J. W. Bush, L. H. Pitts and M. L. Ernst, filed in the

justice's court, a written acknowledgment that they were security for costs on appeal, in the cause to the Circuit Court from said judgment."

At the same time the security for costs of appeal was given, the same persons filed with the justice a bond, signed by them, and in the penalty of six hundred dollars, payable to Webb, "upon condition, that if the above bound Mary Bradfield shall prosecute to effect an appeal by her taken this day to the next term of the Circuit Court from a judgment rendered, against Carlisle, Jones & Co., her tenants in possession, in favor of Norman Webb on unlawful detainer of a certain" lot, "now occupied by said Carlisle & Jones as such tenants, by Abner Jones, justice of the peace, in and for said county. Now, as above stated, if said Mary Bradfield shall prosecute such appeal to effect, and pay all such rents as may accrue on said property, at an annual rent of three hundred dollars per annum, as may accrue during the pendency of said appeal, if she shall be held liable therefor in said Circuit Court, then this obligation to be null and void, otherwise to remain in full force and effect." No approval of the bond or security for costs was indorsed thereon in writing by the justice, but he treated the case as having been properly appealed, and certified his proceedings, and sent up the original papers to the Circuit Court.

Webb made a motion in the Circuit Court to strike the cause from the docket, and to dismiss the appeal, and for an order of *procedendo* to the justice, on the grounds : 1st, that Carlisle, Jones & Co. did not take the appeal, but it was attempted to be taken by one not a party to the suit; 2d, there was no appeal bond given by the defendants; and 3d, that the undertaking on file was not conditioned according to law, and no appeal should have certified to the Circuit Court. It was shown on the hearing of the motion, that Carlisle, Jones & Co. were tenants of Mrs. Bradfield; that they refused to take an appeal, but consented that Mrs. Bradfield might take an appeal in their names, provided they were protected against cost and expenses; and under these circumstances Mrs. Bradfield caused the execution and filing of the security for costs and bond above referred to. The court overruled the motion.

W. C. WARD, for petitioner.—In appeals from judgments of justices on unlawful detainer, the unsuccessful *party* must execute an appeal bond, payable to the other party.—Code, § 3711. The appeal bond must be executed by the *party* praying the appeal.—Code, § 3710. In the Circuit Court, if the plaintiff recovers, judgment must be against *appellant and*

[Ex Parte Webb.]

*his sureties* for costs, and against *appellant and his sureties* on the supersedeas bond for rents.—Code, §§ 3712-3. In this case the defendants took no appeal, and gave no *supersedeas* bond, and no judgment can be rendered against them and the parties as sureties, who gave the undertaking and bond set out in the record, because they do not sustain the relation of principal and sureties; and the judgment rendered against the sureties in such cases, can only be rendered under the statute, and the bonds must comply with the statute.—4 Ala. 315. This is not the case of a defective bond, where an appeal has been taken. There is no appeal here. Mrs. Bradfield is a stranger to the judgment, and can not meddle with it.—*May v. Watson*, 6 Ala. 133; *May v. Courtenay, Tenant & Co.* 43 Ala. 617. An appeal by a stranger will not give jurisdiction.—20 Howard, 218. Mandamus is the proper remedy.—Moses on Mandamus, 19; *Ex parte* Cole, 28 Ala. 50; *Ex parte* Morgan, 30 Ala. 51.

LEE & BUSH, *contra.*—Mrs. Bradfield is not a stranger to the suit. She had a right to appear and defend the possession of her tenants.—Code, § 2955; 4 Ala. 353; Taylor on Landlord and Tenant, § 173. Besides this, the court having jurisdiction by the appeal, its refusal to strike the cause from the docket can not be revised or corrected by *mandamus.*—4 Otto, 418; *Ex parte* Elston, 25 Ala. 73; *Ex parte* Putnam, 30 Ala. 593.

BRICKELL, C. J.—The purchaser of lands sold for taxes, has no other remedy at common law to recover possession, than an action of ejectment.—Blackwell on Tax Titles, 576; Cooley on Taxation, 371. The charter of the city of Selma declares, that in the event of the failure or refusal of the person in possession, to surrender to a purchaser at a sale for the payment of city taxes, such person "shall be guilty of an unlawful detainer, and the purchaser may institute suit before any justice of the peace in the city of Selma, for the recovery of the possession of said premises, and damages for the detention thereof. From the judgment of such justice, an appeal may be taken to the Circuit Court of Dallas county, as in other cases of unlawful detainer."—Pamph. Acts, 1874-5, 375, § 47. We do not now propose to express any opinion as to the validity of this enactment. The necessities of the present case are satisfied, when we say that it must not be construed as subjecting the proceeding it authorizes to the same rules which regulate and control the action of unlawful detainer between landlord and tenant, or when simply the right of possession is involved. Then, posses-

sion is a necessary element of the plaintiff's case; and the defendant, having obtained possession from the plaintiff, must, after the termination of his possessory interest, have refused to surrender.—*Devine v. Brown*, 35 Ala. 596. In such cases there is and can be no necessity for an examination into the estate, or the merits of the title.

The proceeding by the purchaser at the tax sale, is founded on the theory that he has acquired title by his purchase, and the title draws to it the possession. There is no prior possession on which he can rely—nor can it be asserted that the party in possession derived it from him, or by an entry under one deriving it from him. Unless the party proceeded against is deprived of all right of defense, or his right of defense is narrowed and circumscribed so that generally it would be valueless, there must, of necessity, be an inquiry into the estate, or merits of the title. The proceeding the statute authorizes, has, necessarily, more of the elements, and bears a greater analogy to an action of ejectment, or the statutory real action, than to an action of unlawful detainer proper. A legislative declaration that the party withholding the possession is guilty of an unlawful detainer, and that suit for the recovery of possession, and damages for the detention, may be commenced before a justice of the peace, cannot be so construed as in effect to disseize a man of his freehold, and convert his estate into a mere right of action.

The statute (Code of 1876, § 2955) requires that when a real action is against a tenant, the landlord must, on motion, be made a party defendant. Whether this statute is not a mere affirmance of the common law, or confers on the landlord a new right, is not important.—*Arent v. Read*, 2 Port. 480; *Lawson v. Orear*, 4 Ala. 156; Tyler on Ejectment, 442, *et seq*. The existence of such a rule is indispensable to the protection of the party really interested to defend the action against the negligence or the fraud or collusion of the tenant in possession. The statute in promotion of this, its manifest purpose, has been liberally construed. The technical relation of landlord and tenant has not been deemed indispensable to its operation. Whoever claims title, consistent with the possession of the occupier, and as against him, has an immediate right of entry, may be allowed to defend as landlord.—*Thompson v. Ives*, 11 Ala. 239; *Falkner v. Jones*, 12 Ala. 165. An extension of the statute to this proceeding, which, by whatever name it may be called, is in fact an action against the tenant in possession, in which the plaintiff can recover only on the strength of his title, and in which the title is, of necessity, involved, is not unwarranted. It is necessary for the protection of the landlord against the un-

willingness of the tenant to engage in litigation, or his negligence or fraud. The statute, in very general terms, applies the provisions of the Code, in the regulation of suits in the Circuit Court, to suits before justices.—Code of 1876, § 3662. In cases of this kind, there being no statutory provision preventing, the statute allowing the landlord to intervene can well be regarded as applicable, not only to suits in the Circuit Court, but to analogous suits before justices of the peace.—*Gould v. Meyer*, 36 Ala. 565. Of course it could have no application to the ordinary suits of unlawful detainer, or forcible entry and detainer.

The landlord of the tenants in possession had the right to intervene and prosecute an appeal from the judgment of the justice of the peace. She is not a stranger, intermeddling in a suit in which she is without interest. The bonds executed by her, may not be statutory bonds, on which judgments may be rendered against her and her sureties summarily. They are valid common law obligations, and if the petitioner deems it necessary for his protection, on a proper application to the Circuit Court, the landlord may be formally substituted as the party defendant, and the party appellant, and required to execute sufficient statutory bonds. It is the mandate of the statute, which but follows the former decisions of this court, that no appeal or *certiorari* for the revision of judgments of justices of the peace must be dismissed for any defect in the bond, if the party is willing to execute a sufficient bond or undertaking.—Code of 1876, § 3126.

The Circuit Court properly refused the motion of the petitioner to strike the cause from the docket, and the application for mandamus is denied at his costs.