# Webb *v.* Carlisle, Jones & Co.

### *Action of Unlawful Detainer, by Purchaser at Tax Sale.*

1. *Sale of lands for unpaid taxes, under municipal charter; jurisdiction of justice of the peace, in action by purchaser.*—The legislature can not confer on justices of the peace jurisdiction of actions involving the title to real estate, in the nature of actions of ejectment, though called an action of unlawful detainer; hence, the provision contained in the 47th section of the act establishing a new charter for the city or Selma, which authorizes a purchaser of lands sold for unpaid city taxes to maintain an action of unlawful detainer, before a justice of the peace, against a person who refuses to surrender the possession on demand, "for the recovery of the possession of the premises, and damages for the detention thereof" (Sess. Acts 1874-5, p. 376), is unconstitutional.

2. *Objection to jurisdiction of justice, on appeal.*—When an action is brought before a justice of the peace, in a case in which he has no jurisdiction of the subject-matter—as, an action involving the title to real estate—and his judgment is removed by appeal, at the instance of the defendant, into the Circuit Court, that court may repudiate the cause, *ex mero motu*, without pleading, motion or proof; and any ruling by which that result is attained, even if erroneous, could not injure the plaintiff, or justify a reversal at his instance.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. GEO. H. CRAIG.

This action was brought by Norman Webb, the appellant, against Carlisle, Jones & Co. as partners, tenants in possession, to rec⌣ver the possession of a house and lot in the city of Selma, with damages for its detention after demand; and was commenced before a justice of the peace, on the 19th March, 1878.. The complaint alleged, that the premises sued for were sold, on the 25th August, 1877, by the tax-collector of the city of Selma, for unpaid taxes due to the city from Stollenwerck Brothers, and were bought at the sale by the plaintiff, at the price of $379.16, which he paid, and received from the tax-collector a certificate of purchase, which recited the facts, and to which the corporate seal of the city of Selma was affixed; that no person had redeemed the property from him, and he had paid the taxes assessed against it after his purchase; that the defendants entered upon the possession after his purchase; that he made a written demand on them, on the 8th January, 1878, for the surrender of possession, and the payment of rent; and that they refused to surrender the possession, or to pay him the rents which had accrued: wherefore, he sued to recover the

[Webb v. Carlisle, Jones & Co.]

possession, and $100 for the detention. The defendants failed to appear, and the justice rendered judgment for the plaintiff, for the recovery of the possession, with $60 damages. From this judgment an appeal was sued out by Mrs. Mary Bradfield, and the proceedings were certified by the justice to the Circuit Court. In that court, Mrs. Bradfield was, on motion, admitted to defend, as the landlord of the tenants below ; and she filed a demurrer to the complaint, assigning as ground of demurrer, that the complaint showed on its face that the justice of the peace had no jurisdiction of the action ; which demurrer the court sustained. The plaintiff " then asked leave to file a complaint in the form of a statutory real action given in the Code of Alabama, for the recovery of land " ; and he reserved an exception to the refusal of such motion. " The court then, *ex mero motu*, dismissed the cause out of court; to which action and judgment, also, the plaintiff excepted." These rulings of the court, with others which it is unnecessary to state, are now assigned as error.

The 47th section of the act establishing a new charter for the city of Selma, the validity of which is the main question involved in the case, is in the following words : " SEC. 47. *Be it further enacted*, that the tax-collector shall give to the purchaser or purchasers of real estate at tax-sales a certificate to the following effect," setting out the form ; " and to this certificate the mayor shall affix the seal of the cty. The purchaser of any real estate at any tax-sale thereof may demand possession of the person in occupation of the same, at any time after the expiration of ten days from the day of purchase ; and in the event of the failure or refusal of the person in the occupation thereof to surrender the premises so purchased to the purchaser, within fifty days after such demand, the person or persons occupying the same shall be guilty of an unlawful detainer ; and the purchaser may institute suit, before any justice of the peace in the city of Selma, for the recovery of the possession of said premises, and damages for the detention thereof. From the judgment of such justice of the peace, an appeal may be taken to the Circuit Court of Dallas county, as in other cases of unlawful detainer."—Session Acts of 1874–5, pp. 375–6.

W. C. WARD, for the appellant.

J. W. BUSH, and SUMTER LEA, *contra*.

STONE, J.—Under the decisions of this court rendered in *Ex parte Webb*, 58 Ala. 109, and in *Calhoun v. Fletcher*, at

the last term (63 Ala. 574), that part of section 47 of the act " to establish a new charter of the city of Selma, " which attempted to confer the right to maintain the action of unlawful detainer in the case therein provided for, must be pronounced unconstitutional.—Acts of 1874–5, pp. 356, 375. That section attempts to confer on justices the jurisdiction and authority to try and determine the title to real estate, no matter what the value of the real estate may be. The legislature can not confer on justices of the peace jurisdiction to hear and determine civil causes, when the amount in controversy exceeds one hundred dollars.—Const. of 1868, Art. 6, sec. 13 ; Const. of 1875, Art. 6, sec. 26. This is the logical result of what we said in the case of *Ex parte Webb*, *supra*, namely : " The proceeding the statute authorizes has, necessarily, more of the elements, and bears a greater analogy to an action of ejectment, or the statutory real action, than to an action of unlawful detainer proper. A legislative declaration that the party witholding the possession is guilty of an unlawful detainer, and that suit for the recovery of possession, and damages for the detention, may be commenced before a justice of the peace, can not be so construed as in effect to disseize a man of his freehold, and convert his estate into a mere right of action. " It is not within the power of the legislature to confer on justices of the peace jurisdiction in actions of ejectment, under the title of unlawful detainer.

In *Ex parte Webb*, *supra*, which relates to this identical case, we held the appeal to the Circuit Court rightly taken, and we refused to order a dismissal of the appeal. The case being in that court by appeal, it required neither pleading, motion, nor proof, to show the justice of the peace had no authority to originate the cause. He had no rightful jurisdiction of the subject-matter. At that stage of the case, it became the privilege, if not the duty of the Circuit Court, to repudiate the cause ; and any ruling that might be made, reaching that end, would not justify a reversal, because it could not injure the appellant. It would be error without injury, at most.—1 Brick. Dig. 780, § 96. It is not intended by this ruling to shake or overturn the principle settled in *Vaughan v. Robinson*, 20 Ala. 229, and *House v. Lassiter*, 49 Ala. 307. This case depends on other principles.

The judgment is affirmed.