# Leatherwood *v.* Suggs.

*Action for Forcible Entry and Unlawful Detainer.*

| 96 | 383 |
| d124 | 359 |
| 125 | 190 |

1. *Amendment of complaint; complete change of subject-matter.*—On an appeal from the judgment of a justice of the peace in an action of forci-

[Leatherwood v. Suggs.]

ble entry and unlawful detainer. the plaintiff cannot amend his complaint in the Circuit Court so as to substitute other land in the place of that described in the complaint originally filed in the justice's court, as the result of such amendment would be a complete change in the subject-matter of the suit.

APPEAL from the City Court of Anniston.
Tried before the Hon. B. F. CASSADY.

J. H. SAVAGE, for appellant.

MATTHEWS & WHITESIDE, contra.

STONE, C. J.—This was an action of forcible entry and unlawful detainer, brought by the appellant against the appellees. Upon judgment being rendered in the justice's court against plaintiff for the cost of suit, he prosecuted his appeal to the City Court of Anniston. Judgment being rendered in favor of defendants in that court, the plaintiff brings the present appeal; and assigns as error, (1) the refusal of the City Court to allow an amendment to his complaint; (2) that "The court erred as shown by the record."

The transcript before us does not contain the motion of plaintiff for an amendment of his complaint, nor a bill of exceptions. The minute entry, as shown by the record, contains the following words : "Come the parties by attys., and plaintiff having moved the court to allow an amendment of his complaint by adding other lands thereto, the same is ordered disallowed." In the absence of any showing as to what lands were sought to be added to those contained in the original complaint, a well recognized principle constrains us to presume the correctness of the lower court's ruling. Taking the words literally, we would construe the minute entry to mean that the plaintiff wished to amend his complaint so as to sue for the forcible entry and unlawful detainer of other and separate lands than those contained in the complaint originally filed in the justice's court. We are confirmed in this construction by the fact that the defendant's plea disclaimed any possession or detention of the.lands described in the complaint. While our statutes allowing amendments are very liberal, they do not allow amendments that go to a complete change of parties to a suit, or that result in a complete change of the subject matter of a suit. According to our construction of the minute entry, if the proposed amendment had been allowed, the result would have been an introduction of a new cause of action by a complete change of the subject matter in-

[Alford v. Alford.]

volved in the suit, and this too on an appeal from the only court which has original jurisdiction of the cause of action.

The second assignment of error is too general and indefinite to demand attention. Besides, we fail to discover any error in the record.

Affirmed.