# Brightman & Co. *v.* Merriwether, *et al.*

*Trial of Right of Property.*

1. *Valid execution; burden to prove on plaintiff in trial of right of property.*—In a trial of the right of property on a claim interposed to property levied on by execution, the burden is on the plaintiff to prove a valid execution.

2. *Judgment entry void.*—An entry which after stating the case and date recites, "Judgment by default, A writ of inquiry. Damages assessed at, etc.," is no judgment and an execution issued on it is void.

3. *Verdict; not to be received, when.*—A verdict in trial of right of property which does not assess the value of the property should not be received by the court.

APPEAL from the Circuit Court of Lowndes.
Tried before D. K. MIDDLETON, ESQ., as Special Judge. The facts sufficiently appear in the opinion.

C. A. WHITTEN and CRUM & WEIL, for appellants. There was no judgment in this case.—*Park v. Lide*, 90 Ala. 246; *Baker v. Swift*, 87 Ala. 530; *Morgan v. Flexner*, 105 Ala. 356.

WATTS, TROY & CAFFEY and GEO. E. GORDON, *contra*. No attention was called in the court below to the failure to assess value of property.—*Jordan v. Collins*, 107 Ala. 572.

McCLELLAN, C. J.—Trial of right to property which had been levied on at the suit of Meriwether *et al.* against Bandy, and claimed by Brightman & Co. under

a mortgage executed to them by Bandy. The burden was on the plaintiffs to show the levy of a valid execution on the property.—*Jackson v. Bain*, 74 Ala. 328. This they failed to do. To the contrary it affirmatively appeared by the transcript of the record in the case of Meriweather et al. v. Bandy, the execution upon a supposed judgment in which was levied on this property, that no judgment was ever entered therein. What is claimed to be a judgment is the mere copy of the judge's bench notes, stating the parties to the case, and the following: "August 18, Judgment by default, writ of enquiry, damages assessed at $77.65 waiver of Ex. as to personality." This of course was no judgment, *Park v. Lide*, 90 Ala. 246; *Baker v. Swift & Son*, 87 Ala. 530; *Morgan v. Flexner & Lichten*, 105 Ala. 356; *Pickering et al. v. Townsend et al.*, 23 So. Rep. 703, s. c. 118 Ala. 251, and the execution issued upon it was void. Upon this the court should have given the affirmative charge for the claimants as requested by them.

The same conclusion may be rested on the further ground that the lien of claimants' mortgage attached to the crops here involved before the lien of the alleged execution.

The court also erred in receiving the verdict, which did not assess the value of the property.

Reversed and remanded.