# Hendon *v.* Delvichio.

### *Bill in Equity to remove Cloud from Title.*

1. *Sheriff's deed confers no title when execution unauthorized.*—A sheriff's deed executed and delivered after the sale under an execution, confers no right 'or title if said execution was issued without authority.

2. *Execution for fees for feeding prisoner; when not authorized.* Although under the statute, fees for feeding a prisoner must, upon his conviction, be taxed against him as a part of the costs to be collected by execution (Code, § 4565), if, upon his conviction, the fees for feeding the prisoner are not included in the judgment, an execution issued by the clerk for the collection of such fees is unauthorized, and the sale of property under such execution confers no right or title.

APPEAL from the Walker County Law and Equity Court.

Tried before the Hon. PEYTON NORVELL.

The bill in this case was filed by the appellee, Angelo Delvichio, against the appellant, J. H. Hendon. It was averred in the bill as amended, that the complainant was the owner and in possesison of an undivided 4-7 interest in certain lands specifically described; that on May 31, 1899, he was convicted in the county court of Walker county for the offense of an assault with a weapon and fined ten dollars; that in default of the payment of the fine or confession of judgment for the fine and costs, complainant was sentenced to hard labor for the county to pay said fine and costs; that no judgment was rendered in said court against the complainant on said conviction other than said judgment and sentence to hard labor; that notwithstanding this fact the clerk of said court issued and delivered to the sheriff an execution commanding him to make out of the property of the complainant $24.30 for the costs of feeding the complainant while confined in jail prior to his conviction; that under and by virtue of this execution the sheriff lev-

ied upon the complainant's interest in said lands described in the bill and sold the same; that at said sale the respondent, J. H. Hendon, became the purchaser of complainant's interest in said land and the sheriff executed and delivered to him a deed purporting to convey to said Hendon all of the complainant's interest in said land. It was then averred in the bill as amended that said sale by the sheriff was void for the reason that there was no judgment against the complainant on which said execution could be issued, but that said deed being valid on its face was a cloud on complainant's title to his interest in said land.

The prayer of the bill was that said deed be delivered up and cancelled as a cloud upon the complainant's title.

In the answer filed by the respondent, it was averred that the execution under which the interest of the complainant in the lands described in the bill was levied upon and sold, was issued in accordance with the provisions of section 4565 of the Criminal Code of Alabama for the purpose of collecting as a part of the costs against the complainant an amount due for his board in jail prior to his conviction, and that the issuance of said execution and the sale thereunder and the deed under which the defendant claims were all regular and duly executed. The judgment rendered against the complainant in his prosecution for an assault with a weapon was in words and figures as follows: "It is the judgment of the court that the defendant is guilty, and a fine of ten ($10.00) dollars and the costs of this suit is assessed against him; the said fine and cost not being secured by law, and on this the 8th day of May, 1899, the said defendant, being now in open court, and being asked by the court if he had anything to say why the sentence of the law should not now be pronounced upon him, says nothing. It is, therefore, considered by the court and it is the judgment and sentence of the court that the said defendant, the said Angelo Delvichio, be sentenced to hard labor for Walker county for a term of ten (10) days to pay said fine and an additional term of sixty-seven days at 30 cents per day to pay the costs." It was shown by the evidence that this judgment was

[Hendon v. Delvichio.]

the only judgment rendered against the complainant, and that the execution under which the complainant's interest in the lands described in the bill was sold, was issued by the clerk for the collection of the costs of the complainant's board in jail prior to his conviction in said case. Said execution was in words and figures as follows, omitting the name of the State and county, the date and the signature of the clerk: "To any sheriff of the State of Alabama, greeting: You are hereby commanded that of the goods and chattels, lands and tenements of Angelo Delvichio, defendant in a cause lately pending in said court, wherein said defendant was convicted as charged, you cause to be made the sum of twenty-four and 30-100 dollars, which the State of Alabama for its own use hath recovered against said defendant for feeding and removing said defendant as a State prisoner, which amount has been paid by the State; you are further commanded to collect of said defendant the sum of one and 50-100 dollars, being the costs due the clerk and the sheriff of said county, incident to the issuance of this execution and the collection of the same; and have the same to render to the clerk of said court for the uses aforesaid, and make return of this writ, and the execution thereof according to law."

It was further shown that this execution was levied upon the complainant's interest in said lands and that said interest was sold thereunder; that the defendant purchased said interest at said sale and the sheriff executed a deed to the defendant purporting to convey the complainant's interest in said lands. This deed was introduced in evidence.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and ordered accordingly. From this decree the respondent appeals, and assigns the rendition thereof as error.

D. A. McGREGOR, for appellant, cited *Ex parte State*, 121 Ala. 327; Code, § 4565; *Bradley v. State*, 69 Ala. 318.

[Nashville, Chattanooga & St. Louis Railway v. Cody.]

· · COLEMAN & BANKHEAD, *contra.*—In the judgment rendered against the complainant in the criminal case, there was no taxation against him for fees for feeding him as a part of the costs. The execution was without authority.—*Brightman v. Merriweather*, 121 Ala. 602; *Hudson v. Neadwell*, 64 Ala. 481.

SHARPE, J.—A sheriff's sale made under process issued without authority confers no right or title, and in general the issuance of execution is unauthorized, unless in pursuance of a valid judgment or decree.—*Barclay v. Plant*, 50 Ala. 509; *Brightman v. Merriwether*, 121 Ala. 602; 11 Amer. & Eng. Ency. of Law, 610. The execution on which was based the sheriff's deed here sought to be cancelled, was issued for costs accruing in a criminal case, but without any judgment for the recovery of such costs. The execution, sale and deed were each void. The deed constituted a cloud on complainant's title of which the complainant was entitled to be relieved.

Decree affirmed.