(121 So. 519)

WARREN v. JONES. (4 Div. 410.)

Supreme Court of Alabama. March 21, 1929.

Rehearing Stricken April 18, 1929.

214

Sollie & Sollie, of Ozark, and G. W. Winn, of Clayton, for appellant.

W. H. Merrill, of Eufaula, and G. Ernest Jones, of Birmingham, for appellee.

GARDNER, J. This is an action of unlawful detainer brought by appellee against appellant to recover 40 acres of land. It originated in the justice court, which has original jurisdiction of such suits (Leatherwood v. Suggs, 96 Ala. 383, 11 So. 415), and, from a judgment for plaintiff, defendant appealed to the circuit court. The trial upon appeal likewise resulted in a judgment for the plaintiff, and defendant prosecutes the present appeal to review the rulings of the court in giving for the plaintiff the affirmative charge and rejecting evidence offered by defendant.

Plaintiff became the purchaser of the property at execution sale, under judgment in favor of one Watson against G. G. Warren, and rests her right of recovery in this character of action upon the provisions of section 10157, Code of 1923. For proof as to the foundation of her right, plaintiff relied upon the introduction in evidence of the sheriff's deed and a recorded certificate of the judgment. The recitals of the sheriff's deed were not sufficient to make out plaintiff's right or title, but it was necessary to make independent proof of the judgment, execution, and levy. This is the holding of our cases. Gordon v. Bell, 50 Ala. 213; Ayers v. Roper, 111 Ala. 651, 20 So. 460; Hendon v. Delvichio, 137 Ala. 594, 34 So. 830; Brightman v. Merriwether, 121 Ala. 602, 25 So. 994.

In Weaver v. Brown, 87 Ala. 533, 6 So. 354, cited by appellee, the judgment was offered and admitted in evidence, and nothing in that authority is contrary to the conclusion here reached.

Nor will the recorded certificate suffice as a substitute for the introduction of the judgment. The registration is only intended to have the effect of an execution in the hands of the sheriff as an instrumentality of creating and preserving a lien in the county where recorded on the property of the defendant subject to levy and sale. Manchuria S. S. Co. v. Harry G. G. Donald & Co., 200 Ala. 638, 77 So. 12; Jefferson County Savings Bank v. Ben F. Barbour Plumbing & Electric Co., 191 Ala. 238, 68 So. 43.

It is not the judgment itself, and cannot be said to serve as a substitute therefor. The judgment was the foundation of plaintiff's

claim, and its absence was fatal to her right of recovery. The court therefore erred in giving for the plaintiff the affirmative charge requested.

■ This error suffices for a reversal of the cause, but we think something more should be said touching the merits of the case.

The above-noted statute, upon which plaintiff relies for recovery, is new to the present Code. The exigencies of this case do not require a consideration of its full scope and effect or field of operation. It is confined by its language to "any right to possession, acquired by virtue of this chapter," which chapter deals only with the question of the exercise of the statutory right of redemption. Plaintiff evidently based her action upon section 10148, which provides for delivery of the land to the purchaser by the debtor, if in possession, or in possession of any one holding under him by privity of title. Ensley Mortgage Co. v. Lewis, 193 Ala. 226, 68 So. 1012. Defendant held no mortgage or lien, but a warranty deed from G. G. Warren, dated in January, 1922. He was in possession as a purchaser. The sheriff's deed of January 19, 1925, discloses a sale of the property on that day under execution issued against G. G. Warren, but the certificate of the judgment was recorded in August, 1921. By way of defense, defendant offered to show that his purchase was from G. G. Warren, and that in part payment of the purchase price he paid the indebtedness due under two separate mortgages on this property, both of which antedated the judgment—aggregating about $800—and another indebtedness due by said G. G. Warren of $105; that at the time of this purchase the property constituted a part of the homestead of the grantor, was less in area than 160 acres, and less in value than $2,000. The purpose, of course, was to show that, as exempt property, not subject to levy and sale under execution, creditors could not complain of its disposition. First National Bank v. Browne, 128 Ala. 557, 29 So. 552, 86 Am. St. Rep. 156; Fuller v. Whitlock, 99 Ala. 411, 13 So. 80. This evidence was rejected by the court upon the theory that in actions of unlawful detainer there can be no inquiry into the estate or merits of the title. Section 8012, Code of 1923; Hill v. Harris, 179 Ala. 614, 60 So. 917, Washington v. Spriggs, 213 Ala. 622, 105 So. 811.

We have here given an outline of the case for the purpose of demonstrating that in our opinion section 10157 of the Code cannot be properly construed as applicable to a case of this character, this for the reason that the plaintiff's only claim, resting as it does upon an execution sale and not upon any relation whatever with defendant or upon any possessory right otherwise, is one of title. Defendant had been in possession under claim of ownership for some years prior to the sale, a stranger to the plaintiff and to the judgment. It was not likely that the Legislature intended to permit plaintiff to recover on proof of title and by virtue of the form of action prevent a like response on defendant's part. Justices of the peace have original jurisdiction of unlawful detainer suits, and under our Constitution (section 168, Const. 1901) they are not permitted to try title to real estate. This question was fully considered in Webb v. Carlisle, 65 Ala. 313, and Ex parte Webb, 58 Ala. 109. The language of the court in this latter case is so appropriate here that we quote therefrom the following:

"The purchaser of lands sold for taxes has no other remedy at common law to recover possession than an action of ejectment.— Blackwell on Tax Titles, 576; Cooley on Taxation, 371. The charter of the city of Selma declares, that in the event of the failure or refusal of the person in possession, to surrender to a purchaser at a sale for the payment of city taxes, such person 'shall be guilty of an unlawful detainer, and the purchaser may institute suit before any justice of the peace in the city of Selma, for the recovery of the possession of said premises, and damages for the detention thereof. From the judgment of such justice, an appeal may be taken to the circuit court of Dallas County, as in other cases of unlawful detainer.'— Pamph. Acts, 1874–5, 375, § 47. We do not now propose to express any opinion as to the validity of this enactment. The necessities of the present case are satisfied, when we say that it must not be construed as subjecting the proceeding it authorizes to the same rules which regulate and control the action of unlawful detainer between landlord and tenant, or when simply the right of possession is involved. Then, possession is a necessary element of the plaintiff's case; and the defendant, having obtained possession from the plaintiff, must, after the termination of his possessory interest, have refused to surrender.—Divine v. Brown, 35 Ala. 596. In such cases there is and can be no necessity for an examination into the estate, or the merits of the title.

"The proceeding by the purchaser at the tax sale is founded on the theory that he has acquired title by his purchase, and the title draws to it the possession. There is no prior possession on which he can rely—nor can it be asserted that the party in possession derived it from him, or by an entry under one deriving it from him. Unless the party proceeded against is deprived of all right of defense, or his right of defense is narrowed and circumscribed so that generally it would be valueless, there must, of necessity, be an inquiry into the estate, or merits of the title. The proceeding the statute authorizes has, necessarily, more of the elements, and bears a greater analogy to an action of ejectment, or the statutory real action, than to an action of unlawful detainer

proper. A legislative declaration that the party withholding the possession is guilty of an unlawful detainer, and that suit for the recovery of possession, and damages for the detention, may be commenced before a justice of the peace, cannot be so construed as in effect to disseize a man of his freehold, and convert his estate into a mere right of action."

So, in the instant case, plaintiff's case is based upon the theory he acquired title as a purchaser at the execution sale, and that the title therefore draws the right of possession. The proceedings have more of the elements of statutory ejectment than unlawful detainer, and, as said in the Webb Case, supra, "a legislative declaration that the party withholding the possession is guilty of an unlawful detainer, and that suit * * * may be commenced before a justice of the peace, cannot be so construed as in effect to disseize a man of his freehold, and convert his estate into a mere right of action." To so construe it would lead to its invalidity as contravening our Constitution, as decided on the second presentation of the Webb Case in 65 Ala. 313.

We therefore conclude plaintiff's case cannot be rested upon section 10157 of the Code, and that the affirmative charge should have been given for defendant as duly requested.

Let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.