CHAPMAN, Governor, &c. vs. WEAVER et als.

1. The statute (Aikin's Dig. 319, § 4,) which gives to paymasters a right to commence a suit against sheriffs and constables for a failure to collect and pay over militia fines, is not repealed by the Act of December 30, 1837, which gives a summary mode of proceeding against such officers for such failure.

2. In an action of debt against a sheriff and his sureties, for a failure on the part of the sheriff to collect and pay over militia fines, the declaration must set forth the names of the persons against whom the fines were assessed, and the several amounts of the fines, as stated in the certificate of the President of the Court Martial.

Error to the Circuit Court of Coosa. Tried before the Hon. Geo. D. Shortridge.

This was an action of debt, instituted in the name of the Governor, for the use of Reuben A. Mitchell, paymaster of the sixty-eighth regiment of Alabama Militia, against the sheriff of Coosa county and his sureties on his official bond. The breach of duty assigned is, that the sheriff failed to collect and pay over, as by law required, the amount of fines mentioned in divers certificates issued by the President of divers Courts Martial in Coosa county. The declaration alleges that the sheriff had received a list of fines assessed by a certain regimental Court Martial, which list contained the names of the persons against whom fines were assessed, and the amount of the fine assessed against each placed opposite his name, the aggregate amount being one hundred and seventy-seven dollars, and that he wholly failed to collect and pay over said fines or any part thereof. The declaration does not state the names of the persons against whom these fines were assessed, nor the amount of each fine. A demurrer to the declaration was sustained by the court below, and this is assigned as error.

Rice & Morgan, for plaintiff in error:

1. To sustain the declaration in this case we refer to Aikin's Digest, 319, § 4; Meek's Supplement, 164-5, §§ 1, 4; ib. 166-7, §§ 6, 1; ib. 172, § 2.

2. The act (Aikin's Dig. § 4,) gives the general remedy against a defaulting officer, an action in proper form and in a court of

competent jurisdiction. The provisions of the Military Code, approved December 30, 1837, are not in conflict with this general remedy, but only cumulative. The general remedy is still available, as it is in the case of sheriffs, who fail to return process, or to collect or pay over money.

3. The objection to the declaration that no process was in the hands of the sheriff upon which he could make a levy, is answered by the 4th section of the act of 1837.

4. There is nothing which prohibits the sheriff from executing the process of the military court, whether the amount is over or under fifty dollars. The statute merely prescribes that the mode of executing the process shall be controlled by the fact whether the amount is over or under fifty dollars.

WHITE & PARSONS, *contra:*

1. The declaration is fatally defective in each breach, in not setting out the names of the parties contained in each list. This seems to be an indispensable requisite, so that the party may come prepared to show they were not solvent.—Harrison v. Davis, 2 Stew. 352; Chamberlain v. Gorham, 20 John. 144; 5 Term R. 112; 3 Starkie on Ev. 1457, 1461.

2. The last breach is for a failure to return. The act has been repealed which made the sheriff liable for this cause, and no recovery can now be had on that account.—Broughton v. Mobile Branch Bank, 17 Ala. 828.

3. The sheriff was not bound to execute this process for another reason. It is not shown by the declaration that any one of the fines on each list was for a greater sum than a constable is authorized to collect. There are several fines above that; these the sheriff must collect. This is evidently the meaning of the fourth section of the act, where the paymaster may place it in the constable's hands or the sheriff's. On page 166, section 4th, it is provided that "in any case of levy such proceedings shall be had thereon in every respect, as are required upon executions from a justice of the peace, or the circuit courts, according as the amount of the fines in the particular case, shall be over or under fifty dollars."

The remedy by action of debt arises in favor of any person who is injured or damaged by the failure of the sheriff to discharge the duties required of him by law. In this case, how-

ever, the paymaster can only employ the remedy given him by law, because individually he has no right of action whatever, neither has he sustained damage or injury as Reuben A. Mitchell. The statute says he may recover by motion. This is something more than cumulative; it is the only remedy which the law gives him.—Meek's Sup. 166, § 6.

COLEMAN, J.—The 6th section of the 13th chapter of the Military Code, approved December 30, 1837, which gives a summary mode of proceeding against sheriffs and constables for failing to collect and pay over, &c., militia fines to the proper paymaster, does not repeal the act giving the paymaster a right to commence a suit against said officers for failing to collect such fines, &c., before any court having jurisdiction thereof. We consider the summary remedy given by the act referred to, as merely cumulative, and not in conflict with the provisions of the law giving the general remedy. The objection, therefore, to the mode of suing here is not well taken.

We think, however, that the declaration is defective in not setting forth the names of the persons against whom the fines were assessed, and the several amounts thereof, as stated in the certificate of the President of the Court Martial. This certificate is made by the statute to operate as a several writ of execution against each of the persons named therein.

The general rule of pleading requires that the cause of action be stated with sufficient certainty, clearness and precision to enable the defendant to prepare to defend himself against the action, and to plead a judgment thereon in bar of another recovery, &c. —1 Chitty's Pl. 255. We believe the rule is without exception, that whenever it is necessary to produce the process of any court, either to show the inducement to the cause of action or to sustain the action itself, the declaration must substantially describe such process.—2 Chitty 291. As this view of the case shows that the demurrer ought to have been sustained, we have not thought it necessary to notice the other objections.

Let the judgment be affirmed.