DWINE vs. BROWN.

[ACTION FOR UNLAWFUL DETAINER OF LAND.]

1. *Who may maintain action.*—A purchaser from the defendant's lessor during the term cannot maintain an action for unlawful detainer, on account of the defendant's holding over after the expiration of the lease, even though the latter may be estopped from denying his title.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. NAT. COOK.

THIS action was brought by Lucinda Brown, against Edward Dwine, and was commenced on the 10th November, 1852. The complaint was as follows: "The complaint of Lucinda Brown showeth, that on the 9th October, 1851, one Edward Dwine executed a written lease, by which he leased from Malinda Garner a certain house and lot in the city of Mobile, on the east side of Claiborne street, and between Monroe and Eslava streets, from the first day of November, 1851, to the first day of November, 1852, for the sum of $240; that on the 21st April, 1852, complainant purchased all the interest of said Malinda Garner in said leased premises; that the said lease expired on the 1st November instant, and that said Edward Dwine holds over and detains the said premises, after having had written notice served on him, for more than forty-eight hours last past, that I demanded the possession of said premises. Complainant therefore prays process", &c. The case was removed by the defendant, by *certiorari*, to the circuit court, where a demurrer

to the complaint was overruled, and the plaintiff had a verdict and judgment. The overruling of the demurrer, and the several rulings of the circuit court on the trial, which require no particular notice, are here assigned as error.

GEO. N. STEWART, for appellant.

E. S. DARGAN, *contra*.

A. J. WALKER, C. J.—The complaint discloses, that the plaintiff is a purchaser from the defendant's lessor pending the lease, and that the cause of the proceeding is the defendant's holding over after the termination of the lease made by the plaintiff's vendor. A purchaser from a lessor cannot maintain the action of unlawful detainer, on account of a mere holding over after the termination of the lease pending which the purchase was made. If such purchaser could maintain the action, the plaintiff's title would necessarily become a subject of inquiry. The plaintiff, to maintain the action, would be required to show the acquisition of the title of the defendant's lessor. This, of course, the defendant would be permitted to controvert; and thus a controversy as to title would arise. The general law found in Clay's Digest, (p. 253, § 20,) which was in force in 1852 when this suit was commenced, prohibits such a controversy upon a trial in an action of unlawful detainer; and the same law governs the proceeding under the special act applicable to the city of Mobile.—Pamphlet Acts of '47–'48, page 97 ; Russell v. Desplous, 29 Ala. 308–312. It may be that the heir of the lessor, upon whom the law casts the ancestor's right, would stand in a different position, and might maintain the action.—McKeen v. Nelms, 9 Ala. 507. But, however that may be, the extension of the right of action to those who succeed to the lessor's title, otherwise than by inheritance, would lead to inquiries for which the jurisdiction is altogether unfit, and which it has always been the policy of our law to exclude from it. Sheriffs' sales, or sales under judicial decrees, or a succession of transfers under the lessor, might be the means through

which the plaintiff would claim to have acquired the lessor's title, and would, therefore, of necessity, come within the *contestatio litis.*

The opinions in Dumas v. Hunter, (25 Ala. 711,) and Clark v. Stringfellow, (4 Ala. 353,) in their reasoning support our argument. In those two cases, the defendant was not permitted to resist the action upon the ground, that he had acquired the title to the premises after his tenancy commenced, because it would lead to the exercise of jurisdiction over the question of title.—See, also, Stinson v. Gossett, 4 Ala. 170.

Furthermore, it is a principle now well established, both in reference to cases coming under the general law and under the special act applicable to the city of Mobile, that possession is a necessary element of the plaintiff's case.—Russell v. Desplous, 29 Ala. 308–312, and cases cited. This principle would be utterly subverted by sustaining the complaint in this case, for the plaintiff has never been in possession.

It may be argued, that the defendant is estopped, upon the facts alleged, from denying the plaintiff's title; and the authorities seem to support that proposition.—Tuttle v. Reynolds, 1 Verm. 80; Blanton v. Whittaker, 11 Humph. 313: 2 Smith's L. Cases, 658. But the conclusiveness of the plaintiff's title, of itself, avails nothing in this action. The title is not the subject of inquiry. There are many cases, where a party is estopped from denying his adversary's title, and yet there could be no ouster in this statutory proceeding.

In conclusion, we refer to the decision in Holland v. Reed, (11 Missouri, 605,) which seems to be precisely in point, and sustains our position by reasoning which we deem unanswerable.—See, also, Norton v. Saunders, 7 J. J. Mar. 12: Rabe v. Tyler, 10 Sm. & Mar. 440.

The view which we have taken of the demurrer, renders it unnecessary to pass upon the other questions in the case.

Judgment reversed, and cause remanded.