[Davis v. Pou.]

# Davis v. Pou.

*Bill to enjoin Writ of Possession and Execution at Law.*

| 108 | 443 |
| 123 | 492 |
| 108 | 443 |
| 129 | 467 |
| 108 | 443 |
| 130 | 536 |

1. *Unlawful detainer; denial by tenant of landlord's title.*—Where a tenant is sued by his landlord from whom he acquires possession, for an unlawful detainer, the tenant cannot defend against either the possession, or claim for damages for detention, on the ground that the title of his landlord has terminated, or been extinguished; nor is the tenant permitted to show as a defense, that he acquired ownership and title and the right of possession from his landlord during the rental term, or that the right of the landlord, on any account, has expired subsequent to the date of the contract of renting.

2. *Injunction of proceedings in unlawful detainer.*—Where a tenant goes into possession of land under a rental contract with a mortgagor, and during the term, the mortgage is foreclosed, and on demand, the tenant attorns to the purchaser at the mortgage sale, pays him rent, and remains in possession under a new contract of renting, made with the purchaser, and the mortgagor then brings an action of unlawful detainer against the tenant, recovering a judgment for the possession of the land and damages for its detention, a court of equity has no jurisdiction on the bill filed by the tenant, to enjoin the issue of a writ of possession, or execution for the damages, even though the mortgagor be insolvent. (COLEMAN, J., dissenting.)

APPEAL from Autauga Chancery Court.
Heard before Hon. S. K. McSPADDEN.
The facts of this case are fully stated in the opinion.

SAYRE & PEARSON, for appellant.

JAMES E. WEBB and H. L. WILLIAMS, *contra*.

(No briefs found in record.)

COLEMAN. J.—The facts stated in the bill show that Benjamin Davis and his wife Julia E. Davis, appellant, executed a valid mortgage in the year 1887, conveying certain lands as a security for a debt, to the New England Mortgage Security Company, the law day of which was fixed at some time prior to June, 1892, that the mortgage was regularly foreclosed in June, 1892 and the

mortgagee became the purchaser. It further shows that appellant, Julia Davis, rented the lands to William Pou for the year 1892. It also avers that after the foreclosure of the mortgage, in the year 1892, the purchaser at the mortgage sale notified the tenant Pou of the mortgage, the foreclosure and its purchase and claim for accruing rent. It further shows that without surrendering possession to his landlord, Pou attorned to the purchaser and agreed to pay it rent and paid it. The bill further avers that in January, 1893, Julia E. Davis instituted a suit before a justice of the peace for an unlawful detainer of the land, and damages for the detention thereof, and recovered judgment for the possession and rent as damages for the detention, for the year 1893, and 1894 to the date of trial. The bill also avers and shows that Julia E. Davis, the plaintiff in the unlawful detainer suit, and respondent in this cause, was and is wholly and totally insolvent. The facts here stated, and which by the demurrer are admitted to be true, show that William Pou, in law, became the tenant of the New England Mortgage Security Company, and became legally indebted to it for rent, that Julia E. Davis has recovered a judgment against him as damages for an unlawful detention of the lands held by him after the foreclosure, and attornment to the purchaser. The averments of the bill show that by the foreclosure sale all right, title and interest as well as right of possession, in and to the land, and the right to the rents or to damages of the landlord Davis, who was the mortgagor, for an unlawful detention were terminated, by the sale and foreclosure of the mortgage, and that all these interests were vested in the purchaser. The bill avers that these facts were properly pleaded in the unlawful detainer suit, and on appeal in the circuit court, and were properly presented in the record on the appeal to the court of final resort. On this point the pleadings of the bill are principally conclusions, but as there are no objections to the bill on this account, we shall consider the averment as well pleaded and true. How far the proof when offered may sustain the bill as to these questions, can not now be considered, as the case is here on demurrer and the averments must be considered as true.

The condition of William Pou, the tenant, as shown by the bill is, that a judgment has been rendered against

[Davis v. Pou.]

him in favor of an insolvent plaintiff under facts and circumstances which clearly show that there was no liability to the plaintiff for damages, and that plaintiff had sustained no injury, and that these facts were all properly pleaded and presented in defense of the unlawful detainer suit. This consequence resulted from the character of the action instituted against him by Julia Davis, that of unlawful detainer before a justice of the peace, and the rules of law which prevail in that action. Section 3389 of the Code declares that "The estate or merits of the title can not be enquired into on the trial of any complaint exhibited under this chapter." The chapter is that which confers jurisdiction upon justices of the peace to try actions for "forcible entry and unlawful detainer," and section 3391 of the same chapter, prescribes that double rent as damages may be recovered in the action of unlawful detainer before a justice of the peace. Part 3, Title 3. Chapter 7 of the Code of 1886. Construing the foregoing section (3389) we have held that where a tenant is sued by his landlord from whom he acquires possession for an unlawful detainer, the tenant cannot defend against either the possession, or claim for damages for detention, on the ground that the title of his landlord has terminated, or been extinguished; nor is the tenant permitted to show as a defense, that he acquired ownership and title and the right of possession from his landlord during the rental term, or that the right of the landlord, on any account, expired subsequent to the date of the contract of lease or renting.—*Pou v. Davis*, 18 So. Rep. p. 8, and cases cited. This case is reported as *Pugh v. Davis*, instead of *Pou v. Davis*. It is the same case. Neither the statement of facts of the case, nor the opinion show that damages were recovered for the unlawful detention, but the record is full, and contains all the pleas and the evidence and shows a recovery of damages as averred in the bill. The decisions under this chapter go to the full extent of holding, that when a plaintiff in an unlawful detainer suit shows prior posession, a letting, and possession of the tenant under the letting, and that the term of the lease has ended and lawful demand and refusal, the case is conclusively made out, and there is no defense. See the report of this same case, *Pou v. Davis*, *supra* and authorities cited. Having

[Davis v. Pou.]

a perfect legal defense against the plaintiff's right to the possession of the land as well as damages for use and occupation during the detention, which could be made in an action of ejectment, but a defense which by reason of the statute, cannot be made to the action of unlawful detainer before a justice of the peace, the tenant William Pou filed the present bill, in which are set up all the facts, and prayed the court for an injunction to enjoin the issue of the writ of possession and also the issue of execution upon the judgment. The court granted the injunction and at a hearing overruled the demurrer to the bill for want of equity, and refused to dissolve the injunction. From this ruling the respondent appeals to this court, and the question is whether the complainant is entitled to the relief granted. The writer entertains the opinion that the bill has equity and that complainant is entitled to relief and under any phase of the case, so far as it seeks to enjoin the enforcement of the judgment recovered for damages for the unlawful detention of the lands, and this upon the broad equity, that he is without adequate remedy in a court of law. Had the landlord Davis sued in ejectment and claimed damages for use and occupation, it is manifest, that the defendant could have shown the expiration of his landlord's title either as resulting from his own act or by operation of law, and hence defeated the action entirely. It is well settled that such a defense does not involve the denial of the landlord's title.—*English v. Key*, 39 Ala. 113; *Fariss v. McCurdy*, 74 Ala. 162; *Otis v. McMillian*, 70 Ala. 46, *Strauss v. Harrison*, 79 Ala 324; *Nicrosi v. Phillipi*, 91 Ala. 299; Taylor Landlord & Tenant, §§ 707, 708; Herman on Estoppel, §§ 867, 868; Bigelow on Estoppel, (5th Ed.) p. 517. It is equally clear that if the landlord had sued in a separate action for the recovery of damages, for use and occupation as for damages, merely for an unlawful detention, not suing for possession of the lands, the defendant could have made his defense good. A bailee may exonerate himself from liability to his bailor by showing a delivery of the property to the true owner. So a debtor is justified in paying a demand to the true owner. The burden is on him to show that the delivery or payment was made to the rightful owner. A rule of law would be offensive to just principles which required the bailee or debtor to stand a suit by the rightful owner,

before he could be released from liability. Is it permissible for a party to resort to the action of unlawful detainer before a justice, where by reason of the statute such a defense is not permissible, and thereby deprive a defendant from making a defense, confessedly good and sufficient, and then hold that he has no remedy in any court against such a wrong?

It is said that the tenant has voluntarily put himself into this position, that he ought to have surrendered possession to his landlord, and thereby avoided the dilemma in which he is placed. I cannot conceive of any wrong the tenant has done. He rented the lands for the year 1892, for the purpose of making a crop thereon. The mortgage was foreclosed in June 1892, before the year was half through, and before his crop was harvested. He had no authority to require his landlord to take possession of the land and relieve him, before the termination of his rental term. As to the purchaser at mortgage sale, the mortgage having been executed before the making of the rental contract, he was a mere tenant at will and subject to eviction by paramount title. Surely the landlord cannot reap an advantage by reason of his tenant's refusal to abandon his crop and lease before its expiration, and bring upon himself such an injury. Any other person could have rented these lands for the year 1893 from the true owner and held them without liability. Is there any good reason why Pou should not have the same right or privilege, his landlord's title having expired or been divested without fault of Pou? The statute, sections 3389 and 1880 of the Code of 1886 read as follows: (3389). "The estate or merits of the title cannot be inquired into on the trial of any complaint exhibited under this chapter." (1880). "The possession of the land must be delivered to the purchaser (at mortgage sale), within ten days after the sale thereof, by the debtor, if in his possession, on demand of the purchaser or his vendee. If the land is in the possession of a tenant, notice to him by the purchaser, or his vendee, of the purchase, after the lapse of ten days from the time of the sale, and that it has not been redeemed, vests the right to the possession in him, in the same manner as if such tenant had attorned to him." They prescribe the duty of a tenant under such circumstances, and authorize him to attorn to the purchaser at the

mortgage sale, which attornment, the statutes declare, vests the possession in the purchaser, and according to all legal principles, creates the relation of landlord and tenant between them. This was the effect as declared in *Turner v. Mortgage Company*, 95 Ala. 272. In the case of *Richardson v. Dunn*, 79 Ala. 167, after setting out section 1880 of the Code, (2878 of the Code of 1876), the court used the following language: "The legal effect of such notice, when given, is to constitute the tenant in possession, the tenant of the purchaser, and *thereby to abrogate his fealty* to the former owner, transfer his possession to the purchaser, and substitute the latter as his future landlord, with the ordinary rights growing out of his relationship." True all that was here said was not necessarily involved in the case but the statement indicates the mind of the court as to the effect of an attornment by a tenant to the purchaser at a foreclosure sale of the land by virtue of a mortgage of the landlord.

Section 1882 of the Code reads as follows: "If the possession of the land has been delivered to the purchaser by the debtor, and upon payment or tender as aforesaid, it is not restored to him, he may recover possession by a suit for unlawful detainer before a justice of the peace." Section 1886 reads as follows: "A creditor also has the right to recover the possession of the land before a justice of the peace, as for an unlawful detainer." Evidently title becomes a subject of inquiry under this section. Section 1823 of the Code is as follows: "Every conveyance of an estate in any hereditament, corporeal or incorporeal, is good and effectual without attornment of the tenant; but no tenant who has paid his rent without notice of such conveyance is liable therefor." Section 3596 reads as follows: "A tenant or occupant of lands ordered or decreed to be sold by the court of chancery, having a crop planted or growing on such lands, or about being planted, may retain possession until the expiration of the current year, on securing to the purchaser the payment of the reasonable rent; such rent must, before or after the sale, be ascertained and determined by the chancellor, and the tenant or occupant must enter into bond in a sum equal to double the amount of such rent, payable to the register, and by him approved, with sufficient surety, and with condition for the payment of such rent to the purchaser on the expiration of the year;

[Davis v. Pou.]

and if, on the expiration of the year, such rent, or any part thereof, is not paid to the purchaser, such bond has the force and effect of a judgment, and execution may be issued thereon by the register against any and all the obligors in such bond, for so much of such rent as remains unpaid." Although the tenant complies strictly with the law as provided in each of these statutes, when sued for an unlawful detainer and damages, under the decision of *Davis v. Pou*, they furnish him no protection against a recovery for double rent as damages. These facts involve an inquiry into title which is prohibited by statute. There must be protection somewhere for the tenant. It is said he may have his action against his landlord for a breach of the lease contract, but what avail will his judgment be, against an insolvent defendant? It is further said that equity will not aid one who is guilty of a tort. That argument it seems to the writer is assuming the question at issue. How can it be said that a tenant who acts in strict conformity to the law, is guilty of a tort? He is deprived by the character of the action and the rules of evidence from making his defense, and showing he has not been guilty of any wrong.

It is further said that Pou has a remedy by the common law or statutory action of ejectment, and can recover back the possession and damages. This may be true, and the remedy may be complete for the recovery of the possession of the lands, but we repeat the question, of what avail will a moneyed judgment be to the plaintiff, against an insolvent defendant? The bill avers that the defendant Julia E. Davis is insolvent. To permit her to coerce the payment of the money judgment against the tenant and remit him to his action at law and a barren money judgment, is not equality or equity. Suits for an unlawful detainer instituted under these latter sections are not actions brought under the chapter in which section 3389 *supra* of the Code is contained. That section by its terms applies only to the cases therein provided for, and clearly not to a case like that of *Davis v. Pou* when there had been a foreclosure and purchase and legal attornment by the tenant to the purchaser. It is impossible to enforce unlawful detainer in such cases without an inquiry into title. All these provisions must be construed together and operation given to them all.

[Davis v. Pou.]

It being demonstrated that the tenant is imminently exposed to irreparable injury, for which under our decisions there is no adequate remedy at law, in my opinion he is entitled to a temporary injunction, restraining the collection of the judgment for damages until the legal rights of the parties to the land and its use and occupation have been adjudicated by an action at law. In my opinion the restraining order should be modified to this extent, and at least as thus modified be affirmed.

I cannot assent to any rule of law or decision, which enables one party, by resorting to a particular tribunal and cause of action, to deprive his adversary of a just and legal defense, and which debars him from redress in any other court, when he is wholly without fault. Such is the condition in which Davis is placed by affirming the unlawful detainer case reported in 18 So. Rep. *supra,* and then dismissing his bill in the present case. I am of opinion just principles require us to recede from the decision, rendered in *Pou v. Davis*, 18 So. Rep. *supra*, not so much because of any error in the principles declared, as in their application to the facts of the case. If this cannot be done the equity of the bill should be sustained.

I am of the opinion that section 3389 of chapter 7, *supra*, of the Code should be so amended as to authorize all legal defenses against a recovery for damages for the unlawful detention of the land, or else not authorize a recovery of damages in an action of unlawful detention, but only possession of the land. It appears to the writer that the statute must be held unconstitutional and void, if the decision of *Pou v. Davis* on the facts of that case (18 So. Rep., *supra*,) is to stand as law, on the ground that it deprives the party of a right, for which there is no redress, unless a court of equity is permitted to intervene for his protection in a case like the present. The other members of the court do not agree with me, and hold that the bill is without equity. It results that the decree of the court is reversed, and a decree will be here rendered, dissolving the injunction and dismissing the bill.

Reversed and rendered.