# Shepherd *v.* Parker.

## *Unlawful Detainer.*

(Decided Dec. 17, 1908. 47 South. 1027.)

1. *Appeal and Error: Motion to Dismiss*—Where a cause was not submitted on motion to dismiss the appeal the insistence of counsel thereon is a mere suggestion on which this court cannot act.

2. *Same: Submission: Waiver of Objection.*—Having submitted the cause on its merits the appellant waived the objection that the sureties on appellant's appeal bond to the justice court should have joined in the appeal.

3. *Forcible Entry and Detainer: Notice: By Whom Given.*—Where the landlord sells the premises during the term of the lease, the landlord is the proper party to give notice to quit and deliver possession at the termination of the lease.

4. *Appeal and Error; Questions Reviewable.*—Where no exceptions are taken in the trial court to the allowance of an amendment the action of the trial court in this respect will not be reviewed.

5. *Forcible Entry and Detainer; By Whom Brought.*—Where premises are sold during the time of their lease the vendor landlord is the proper party to bring forcible entry and detainer, since the vendee could not maintain the suit.

APPEAL from Montgomery City Court.

Heard before Hon. RAY RUSHTON, Special Judge.

Unlawful detainer by H. H. Parker against Ella Shepherd. From a judgment for plaintiff, defendant appeals. Affirmed.

A suit was instituted by H. H. Parker, and was afterwards amended by inserting the words, after H. H. Parker, "for the use of Mark D. Brainard," to whom Parker had sold and deeded the property. The facts tended to show that the property was once the property of George Singo, the grandfather of Will and Ella Shepherd; that the property was set aside to Dorcas Singo, the widow of George, and she conveyed the property to Parker. Will Singo and Mike Shepherd attorned to Parker as landlord, but Ella Shepherd did not. The evidence was in conflict as to whether Ella Shepherd was holding in her own right, or as to whether she was under her brother, who attorned to Parker. Before suit was brought, but while defendants were in possession, Parker conveyed to Brainard. The demand was made upon Ella Shepherd, Mike Shepherd, and Will Singo to vacate by H. H. Parkker. Objection was taken that Parker, having parted with the right of possession, could not make the demand.

WARREN S. REESE, for appellant. As to notice to quit, counsel cites *Cooper v. Gambrill,* 140 Ala. 186; *Post v. Bohner,* 23 N. W. 508; *Barnwell v. Stevens,* 142 Ala. 614. One cannot be guilty of unlawful detainer until a demand is made and a refusal to surrender.— *Finley v. Magill,* M. App. 481; *Coming v. Goree,* 22 Kan.

[Shepherd v. Parker.]

615. The suit should have been brought in the name of Parker for the use etc., and not in Parker individually. —*Cowan v. Campbell,* 31 South. 429; *Dwine v. Brown,* 35 Ala. 356; *Cooper v, Gambrill,* 146 Ala. 186.

GOODWYN & McINTYRE, for appellee. The motion to dismiss this appeal should be sustained.—*Sellers v. Smith,* 143 Ala. 566. It was proper to institute this suit in the name of H. H. Parker, the original landlord and from whom Brainard, for whose use the suit was brought, acquired title.—*Cooper v. Gambill,* 146 Ala. 184; *Dwine v. Brown,* 35 Ala. 596. The court committed no error in allowing Parker to amend by adding for the use of Mark D. Brainard."—*Cooper v. Gambill,* 146 Ala. 184; *Dwine v. Brown,* 35 Ala. 596. In this case the notice was given as required by law. Cases Supra.

McCLELLAN, J.—There was no submission on motion to dismiss this appeal; hence the reference thereto in brief is a mere suggestion, upon which this court cannot act.

The point that the sureties on the defendant's appeal bond from the justice's to the circuit court should have joined in the appeal to this court cannot be taken ex mero motu, since the objection was waived by the submission on the merits.—See *Sellers v. Smith,* 143 Ala. 566, 39 South. 356.

The demand upon appellant to deliver the possession was properly given by Parker, Brainard's grantor, pending the life of the alleged lease of the premises.— *Kennedy v. Hitchcock,* 4 Port. 230.

The record does not disclose an exception to the action of the court in allowing the amendment, adding the expression "for the use of Mark D. Brainard." Hence that action cannot be reviewed. Brainard, the purchas-

er from Parker, could not maintain the suit, and therefore it was properly instituted by Parker, the lessor.—*Dwine v. Brown*, 35 Ala. 596.

There was testimony presented from which the court below (the trial was without jury) might infer the fact that appellant occupied the premises in question with and under her brother, whose, relation to Parker was that of tenant.—*Russell v. Irwin*, 38 Ala. 44.

The errors assigned are without merit, and the judgment is affirmed.

Affirmed.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.