# Hill v. Harris.

*Unlawful Detainer.*

(Decided January 23, 1913.  60 South. 917.)

1. *Landlord and Tenant; Right to Sue; Unlawful Detainer.*— Under section 4263 and 4271, Code 1907, a purchaser from the landlord during the tenancy cannot maintain the action of unlawful detainer, unless the tenant has attorned to him, though such purchaser acquired all of his grantor's rights under the lease without express attornment.

2. *Same; Alienation by Lessor.*—The lessor's alienation of the premises, whether voluntary or involuntary, cannot be considered in defense to his action for unlawful detainer to recover the possession as that would involve a consideration of title, but there is an apparent exception in case of a descent cast by law upon the lessor's heirs pending the lease and they may maintain the action in place of their ancestor.

APPEAL from Morgan Law & Equity Court.

Heard before Hon. THOS. W. WERT.

Action by Shelley Harris against Flora Hill. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The following charges were given at the instance of the plaintiff:

(b) "If you find from the evidence that Flora Hill surrendered possession of the land sued for to Mr. Tid-

[Hill v. Harris.]

well, or Hughes & Tidwell, and agreed to vacate the premises on February 20, 1908, then I charge you that act would amount to an abandonment of possession, and the estate of defendant thereupon became determined; and plaintiff would be entitled to recover if Hughes & Tidwell transferred their possession to Shelley Harris, the plaintiff."

(c) "I charge you, gentlemen of the jury, that it makes no difference from what source Flora Hill obtained this land; if you find from the evidence that Flora Hill surrendered possession of this land to Hughes & Tidwell before this suit was brought, you must find for plaintiff, provided you are reasonably satisfied from the evidence that Hughes & Tidwell conveyed this land to plaintiff."

(d) "I charge you, gentlemen of the jury, that the manner in which this land was sold and purchased at the mortgage sale can have nothing to do with your verdict in this case. It is your duty to ascertain from the evidence in this case who has the right to the possession of this land; and if you are reasonably satisfied from the evidence that Flora Hill surrendered possession of this land to Hughes &. Tidwell before the commencement of this suit you must find for the plaintiff, provided you further find that Hughes & Tidwell transferred the land to this plaintiff before the commencement of this suit."

(e) "I charge you, gentlemen of the jury, that in rendering your verdict you are not to consider the ownership or title of the land, as the only question in this case is that of the right to possession of the land; and if you believe from the evidence that Flora Hill surrendered possession to Hughes & Tidwell, and that Hughes & Tidwell transferred the land to Shelley Har-

ris, their possession became his possession, and he would be entitled to recover in this case."

(f) "If you find from the evidence that the defendant, being in possession of the land sued for, on or about the 9th or 10th of February, agreed to surrender possession, and to vacate or abandon the premises sued for on or about February 20, 1908, then the relation of landlord and tenant was thereby created between the said Hughes & Tidwell and the defendant; and if you further find that said Hughes & Tidwell subsequently thereto sold and transferred the lands sued for to Shelley Harris, the plaintiff, then the relation of landlord and tenant was thereby created between Harris and defendant, and in that event plaintiff would be entitled to recover."

(g) "I charge you, gentlemen of the jury, that it was not necessary for Flora Hill to pay rent to Hughes & Tidwell, in order to surrender possession of the land to them; but if you are reasonably satisfied from the evidence that Flora Hill told Fred Tidwell, before the commencement of this suit, that she surrendered possession to him, and you are reasonably satisfied that she did surrender possession of the land, as he says she did, and you further believe that Hughes & Tidwell, before the commencement of this suit, conveyed the land to Shelley Harris, your verdict must be for the plaintiff."

WERT & LYNN, for appellant. No valuable consideration is shown for the promise made by appellant to abandon or surrender her home to Hughes & Tidwell and to have created the relation of landlord and tenant between Hughes & Tidwell and appellant there must have been a valid contract between them supported by a sufficient consideration.—*Crimm v. Nelms,* 78 Ala. 604. An agreement to abandon the premises at a cer-

tain time made by a person in possession is not a
letting.—14 S. & R. 382.   The agreement was made
on Sunday and is void in any event.—Section 3246,
Code 1907; *Williams v. Armstrong,* 130 Ala. 389.   The
mere occupancy of the premises would not amount to
a ratification of a void lease.—10 N. W. 895; 25 N. Y.
Supp. 521.   Appellant is not estopped to deny appel-
lee's title.—*Fuller v. Sweet,* 18 Amr. Rep. 122.   The
objection to the introduction in evidence of the alleged
notice to quit should have been sustained.—*Dumas v.
Hunter,* 30 Ala. 75; *Bates v. Ridgeway,* 48 Ala. 611;
*Speeces v. Lomax,* 42 Ala. 576.   On these authorities
it is insisted that the court was in error in giving the
charges requested by appellee and in refusing the
charges requested by appellant.

W. T. Lowe and Tidwell & Sample, for appellee.
The Code of 1907 did not go into effect until some
months after the bringing of the suit and hence at the
time the suit was brought the amendment in the Acts
of 1900- 1901, page 40, was in force and governed and
under it ten days notice was not required and hence the
marginal note to section 4263, Code 1907, and the opin-
ion in the case of *Victor Realty Co. v. Argumanian,*
55 South. 621, is error.   This suit was properly brought
because it appeared that notice had been given.—19
Cyc. 1135.   The facts afford very strong inference that
notice was given and hence the appellant was not en-
titled to the affirmative charge.—*L. & N. R. R. Co. v.
Lancaster,* 121 Ala. 471.   The motion for a new trial
did not raise sufficiently the point as to the sufficiency
of the service of the notice.   It did not require a con-
sideration and writing to make the tenancy valid.—1
Taylor on L. & T., p. 12.   She could not remain in pos-
session and deny her landlord's possession or right of
entry.—*Nicrosi v. Phillippi,* 91 Ala. 299.

. SOMERVILLE, J.—Appellee recovered of appellant the possession of certain land in an action of unlawful detainer begun on February 28, 1908. The principal questions presented by the appeal relate to the question of the plaintiff's prior possession of the land sued for, and its sufficiency for the maintenance of the action.

The following facts are shown without dispute: The defendant was the owner of the land and in possession of it, and conveyed it by mortgage deed, in December, 1906, to one C. L. Price. About November 28, 1907, Hughes & Tidwell, a partnership, purchased this mortgage from Price, and advertised the land for sale on November 30, 1907. At this foreclosure sale Tennis Tidwell, as attorney and agent for Hughes & Tidwell, bought in the land, with the understanding that he should deed it back to them, which he did on February 12, 1908. In the meantime, on February 10, 1908, Hughes & Tidwell executed a deed conveying the land to Shelley Harris, the plaintiff.

Fred Tidwell (of Hughes & Tidwell) testified that he went to see defendant several times in February, 1908, and also in December, 1907, about giving up possession of the land; that he went to see her on February 9, 1908 (which was Sunday), and told her that they had bought the land at mortgage sale, and that they must have possession of it; that they would allow her to remain in possession from that time up to February 20th without paying rent, as she said she would have to get out and get a house somewhere; that defendant then and there said to him: "I surrender possession of this place to you now, and I acknowledge you as owners of the land."

If it were conceded that this was sufficient to effect a transfer of the possession from defendant to Hughes & Tidwell, and to initiate a tenure of tenancy at will by

virtue of their permission to her to remain on the place, and so entitle Hughes & Tidwell to maintain unlawful detainer upon the termination of such tenancy, nevertheless, under the settled construction of our statutes defining an unlawful detainer (sections 2852, 2859, Code 1852; sections 4263, 4271, Code 1907), one who has merely purchased from the landlord during the tenancy cannot maintain the action.—*Dwine v. Brown,* 35 Ala. 596; *Cooper v. Gambill,* 146 Ala. 184, 40 South. 827; *Shepherd v. Parker,* 157 Ala. 493, 47 South. 1027. If the tenant has attorned to him, this rule, of course, has no application.

It is true that such a purchaser acquires all the rights of his grantor, with respect to the land, and the enjoyment and enforcement of the covenants of the lease, and this without any express attornment to him by the tenant; and true, in fact, that such a purchaser becomes thereby, after notice given, the lawful landlord of the tenant.—*Nicrosi v. Phillippi,* 91 Ala. 299, 305, 8 South. 561. But the dictum in that case that under such a relationship the purchaser landlord may oust the tenant *in an action of unlawful detainer* is opposed to our decisions, and must be rejected as erroneous. The reason for the rule is found in the statutory limitation that "the estate or merits of the title cannot be inquired into" in this form of action; and this inhibition would be violated if the plaintiff were allowed to show a right to recover by proving a grant to himself from the landlord of the defendant.—*Dwine v. Brown,* 35 Ala. 596. An obvious corollary to the rule is that his alienation of the premises, whether voluntary or involuntary, cannot be considered in defense of the lessor's action to recover possession, since this would equally involve a consideration of title.—*Pugh v. Davis,* 103 Ala. 316, 18 South. 8, 49 Am. St. Rep. 30; *Davis v. Pou,* 108 Ala.

443, 19 South. 362; *Howard v. Jones,* 123 Ala. 488, 26 South. 129; *Shepherd v. Parker,* 157 Ala. 493, 47 South. 1027. A seeming exception to the principle of the rule has been recognized in the case of a descent cast by law upon the lessor's heirs pending the lease; and they are held to be entitled to maintain the action in the place of their ancestor, as he might have done, if living.— *Kellum v. Balkum,* 93 Ala. 317, 9 South. 463.

Charges b, c, d, e, f, and g, given to the jury at the instance of plaintiff, authorize a. recovery in violation of the rule stated above, and were therefore erroneous. So the application of that rule to the evidence before the court required the giving of the general affirmative charge for defendant, as requested by her in writing, and which was refused by the court.

It results that for these errors the judgment must be reversed and the cause remanded.

Reversed and remanded. All the Justices concur, except DOWDELL, C. J., not sitting.