(78 South. 849)

ARCHER v. SIBLEY. (8 Div. 105.)

(Supreme Court of Alabama. April 4, 1918.)

1. LANDLORD AND TENANT ⬳290(3) — UNLAWFUL DETAINER — TITLE — WHEN RELEVANT.

Under Code 1907, § 4271, providing that in unlawful detainer the state or merits of the title cannot be inquired into, but that all legal and equitable defenses may be had against a recovery for damages or for the unlawful detention of the land, inquiry into the title cannot be had to defeat the plaintiff's right to recover possession.

2. TRIAL ⬳48—OFFER OF EVIDENCE—NECESSITY FOR STATING PURPOSE.

In unlawful detainer action, conceding that evidence as to title is admissible in diminution of damages, there was no error in excluding such evidence where not limited to that purpose when offered, in view of Code 1907, § 4271.

3. APPEAL AND ERROR ⬳1033(5)—HARMLESS ERROR—INSTRUCTIONS.

In view of Code 1907, § 4273, fixing the damages for the unlawful detention of land at double the amount of the annual rent agreed upon by the parties, the defendant in unlawful detainer action cannot complain that the court instructed the jury •to find $100 for the detention, where the agreed annual rent was $100, and the jury found less than double the same.

4. PRINCIPAL AND AGENT ⬳21—RELATION—PROOF BY AGENT.

An agent can testify as to the fact of the agency.

5. APPEAL AND ERROR ⬳1051(3)—HARMLESS ERROR—EVIDENCE.

In unlawful detainer action, where defendant admitted that he received all notices required, it was harmless, if error, to permit plaintiff's son to testify that he made a demand on defendant as agent for plaintiff.

Appeal from Circuit Court, Madison County; R. C. Brickell, Judge.

Unlawful detainer by Sarah E. Sibley against Henry L. Archer. Judgment for plaintiff, and defendant appeals. Affirmed.

Cooper & Cooper, of Huntsville, for appellant. Betts & Betts, of Huntsville, for appellee.

ANDERSON, C. J. [1, 2] This is an action of unlawful detainer, and the statute (section 4271 of the Code of 1907) expressly provides that the state or merits of the title cannot be inquired into. Hill v. Harris, 179 Ala. 619, 60 South. 917; Dent v. Stovall, ◆75 South. 941.[1] It is true that the following words: "But all legal and equitable defenses may be had against a recovery for damages or for the unlawful detention of the land"—were added to this section in bringing it from the Code of 1896, but just exactly what was meant by this addition is

not free from difficulty, though it is evident that it was not intended to permit an inquiry into the title for the purpose of defeating the plaintiff's right to recover the possession. To hold that title could be inquired into to defeat the plaintiff's right to recover would not only permit the additional words to expressly contradict, but would in effect emasculate the original statute, and which should have no place in the book if the amendment is given the effect contended for by the appellant's counsel. The codifier notes that the amendment was made to meet the case of Davis v. Pou, 108 Ala. 443, 19 South. 362. An amendment was suggested by Coleman, J., in his opinion in said case, but which was not the opinion of the court, "so as to authorize all legal defenses against a recovery for damages for the unlawful detention, or else not authorize a recovery of damages in an action of unlawful detainer." The codifier, or Code commission, seems to have adopted the first suggestion, and not the latter, and if we are to look to this opinion, the suggestion relates only to damages, and not to the right to recover possession, and the amendment was evidently intended to deal with the defense against the recovery of rent or damages for the detention which is provided for in other sections of the Code, to wit, sections 4273 and 4282. Therefore the defendant's effort to show title out of the plaintiff and into Thompson was not admissible to defeat plaintiff's right to recover possession; and, conceding that it was admissible in mitigation or diminution of damages, the evidence should have been limited, when offered, for the purpose for which it was relevant, and the trial court will not be put in error for excluding same in the form offered. Western Union Tel. Co. v. Favish, 196 Ala. 4, 71 South. 183; Farley v. Bay Shell Road, 125 Ala. 184, 27 South. 770. True, we have many cases relieving the court from reversible error for letting in evidence which should be limited, upon the idea that the objector should point out the objectional cause or ask for the limitation of same by instruction, but when evidence is offered which is good only as to one feature of the case, the trial court will not be put in error for sustaining an objection to same in the absence of a statement from the party offering it of the point or fact to which it applies and with the limitation that it is offered only in that connection.

[3] The trial court did not err in so much of the oral charge as was excepted to by the appellant. The plaintiff was entitled to recover the value of the rent pending the appeal. Section 4282 of the Code of 1907. Nor was there error of which the appellant can complain as to the instruction to find $100 for the detention. Section 4273 fixes the damages for the detention at double the amount of the annual rent agreed upon by the parties. The agreed rent, under the lease, was $100 per year, and the amount named by the court and found by the jury was less than double the amount of same.

The case of Griffin v. Dauphin, 133 Ala. 543, 31 South. 849, cited in appellant's supplemental brief involved an action of ejectment and it, nor the other cases cited, deal with section 4271 of the Code or hold that title can be inquired into to enable or defeat a recovery of the possession of the land in an action of unlawful detainer.

[4, 5] There was no error in overruling the objection to the question to the witness Whitmeyer if he as his mother's agent made the demand. In the first place, we are not prepared to say that he could not have testified that he was his mother's agent without detailing the contract. Nor was this the establishment of the agency by a declaration; it was by direct evidence on the witness stand. Moreover, if there was error in this respect, it was error without injury. It was agreed in open court that there was no question about the notices being received by the defendant, and plaintiff's witness testified defendant admitted during the trial in the inferior court "that he received all the notices required in the matter and did not set up any defense that he did not get them," and this was not denied, notwithstanding the defendant testified in the case.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.