33 So.2d 461

## CAUBLE v. BOY SCOUTS OF AMERICA et al.

### 6 Div. 521.

Supreme Court of Alabama.

Oct. 16, 1947.

Rehearing Denied Jan. 22, 1948.

M. B. Grace and R. J. Hagood, both of Birmingham, and Geo. D. Finley, of Tarrant City, for appellant.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellees.

**LAWSON, Justice.**

From the pleading in this case, it appears that Frank Alamong Cauble, fourteen years of age, was on or about June 9, 1945, a member of Birmingham Troop No. 7, Boy Scouts of America, and that on said date while on a hike or outing with members of his troop he was drowned in the Cahaba River.

This suit to recover damages for the death of young Cauble was brought by his father against (1) Boy Scouts of America, a corporation, (2) Birmingham Troop No. 7, Boy Scouts of America, an unincorporated organization or association, (3) Monte T. Tice, as scoutmaster of Birmingham Troop No. 7, Boy Scouts of America, and (4) George L. Simcox, as executive secretary or officer of Boy Scouts of America, a corporation. By amendment the Boy Scouts of America, a corporation incorporated under the laws of the State of Alabama, was made a party defendant. All the defendants with the exception of the one added by amendment interposed demurrer to the complaint as amended. The demurrers having been sustained, the plaintiff suffered a nonsuit and has appealed as authorized by the statute. § 819, Title 7, Code 1940.

As originally filed, the complaint contained two counts. Demurrers were sustained thereto, whereupon plaintiff amended Count 1. In so far as the record discloses, no attempt was made to amend Count 2. As above indicated, after demurrer was sustained to Count 1, as amended, plaintiff suffered a nonsuit and appealed. On this appeal we are limited to a consideration of only such rulings of the court as culminated in and superinduced taking of nonsuit entered in the cause on October 8, 1946. In other words, the question before us is simply whether or not Count 1 of the complaint, as amended, was sufficient as against the demurrers interposed by the several defendants. The action of the trial court in sustaining the demurrer to the original complaint is not before us for review, and we are without authority to review it. If the plaintiff had desired a decision upon the question presented on demurrer to the original complaint, he could have declined to plead further after the demurrer to the original complaint was sustained and, in this way, have presented to us, in the way provided, that question for review. The plaintiff did not see proper so to do. Calvert v. J. M. Steverson & Sons Lumber Co., 244 Ala. 206, 12 So.2d 365; Mullins v. Alabama Great Southern R. Co., 239 Ala. 608, 195 So. 866; Alabama Great Southern R. Co. v. H. Altman & Co. et al., 191 Ala. 429, 67 So. 589. There is no question of cumulative rulings inducing the nonsuit. The judgment entry affirmatively shows that the nonsuit was taken "because of adverse rulings of the court in sustaining demurrers to complaint as last amended." See City of Mobile v. Board of Revenue and Road Commissioners of Mobile County, 219 Ala. 60, 121 So. 49.

The general rules of pleading require that the cause of action be stated

154

with sufficient certainty, clearness, and precision to enable the defendant to prepare to defend himself against the action and plead a judgment thereon in bar of another recovery. Chapman v. Weaver, 19 Ala. 626; Shepherd v. Parker, 157 Ala. 493, 47 So. 1027; Weller & Co. v. Camp, 169 Ala. 275, 52 So. 929, 28 L.R.A.,N.S., 1106; Alabama Great Southern Ry. Co. v. Cardwell, 171 Ala. 274, 55 So. 185. A complaint seeking to recover damages because of negligence of defendant should be certain and specific as to charging the relationship of the parties, the duty arising, the nature and character of the injury, as well as the cause of same. Levans v. Louisville & N. R. Co., 228 Ala. 643, 154 So. 784.

Another well-settled rule of pleading is that in considering the sufficiency of the averments on demurrer the court must assume that the pleader has stated his cause as favorably as the case will justify and those averments will not be aided by implications or intendments but these will be resolved against him. Alabama Baptist Hospital Board v. Carter, 226 Ala. 109, 145 So. 443.

Applying the above well-settled rules to Count 1 of the complaint, as amended, it is apparent that those grounds of demurrer pointing out in effect that the facts averred therein are too vague, uncertain and indefinite to apprise the defendants of what is to be defended against were properly sustained. Such grounds were set up in the demurrers filed by each of the four original defendants.

As amended, Count 1 is completely unintelligible. By amendment plaintiff struck out four words, "so negligently conducted himself," as they appeared in said Count 1. In lieu of those words he inserted some several hundred words. There is no connection between the insertion and the words in the original Count 1 immediately preceding and following such insertion. In the condition in which Count 1 appears as amended, the defendants could not possibly know what to defend against.

We hold, therefore, that the trial court correctly sustained the demurrers of the several defendants to the complaint as amended.

The judgment is affirmed.

Affirmed.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.